Mr. Patrick Gilligan Ocala City Attorney 1531 Southeast 36th Avenue Ocala, Florida 34471
Dear Mr. Gilligan:
On behalf of the City of Ocala's Acting Chief of Police, you have asked for my opinion on substantially the following question:
Does the requirement in section 112.532(1)(h), Florida Statutes, that a law enforcement officer or correctional officer be "completely informed of all his or her rights prior to the commencement of the interrogation" refer only to those rights provided by section 112.532, Florida Statutes?
According to your letter, an Ocala police officer was accused of sexually assaulting a female citizen in the course of his official duties. During an internal investigation, the officer was questioned about these accusations pursuant to section112.532, Florida Statutes. Prior to his interrogation, the officer was read his Miranda rights and was provided the rights enumerated in section 112.532, Florida Statutes. The officer was criminally charged and subsequently acquitted in a criminal trial. However, his employment was terminated as a result of the investigation which sustained the complaint against him. You have asked whether a law enforcement officer, questioned pursuant to section 112.532, Florida Statutes, who is under arrest or subject to arrest, must be advised of his Miranda rights; counseled only on those rights provided by section 112.532, Florida Statutes; or both.
Part VI of Chapter 112, Florida Statutes,[1] commonly referred to as "The Law Enforcement Officers' and Correctional Officers' Bill of Rights," is designed to ensure certain rights for law enforcement and correctional officers. As the court stated inLongo v. City of Hallandale,[2] Part VI of Chapter 112, Florida Statutes, applies only to "intradepartmental interrogation and investigation, and [has] as its purpose the protection of subordinate officers from `third degree' tactics by superior officers. . . ." The term "law enforcement officer" is defined in section 112.531(1), Florida Statutes, to mean "any person, other than a chief of police, who is employed full time by any municipality or the state or any political subdivision thereof and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state; and includes any person who is appointed by the sheriff as a deputy sheriff pursuant to s. 30.07."[3]
Section 112.532, Florida Statutes, provides that all law enforcement officers employed by an employing agency shall have certain specified rights and privileges. Such rights and privileges include, among others, the establishment of complaint review boards;[4] the right to bring civil suits;[5] the right to have notice of disciplinary action;[6] and the prohibition against retaliatory action being taken against law enforcement officers or correctional officers who exercise their rights.[7]
Section 112.532(1), Florida Statutes, specifically requires that "[w]henever a law enforcement officer or correctional officer is under investigation and subject to interrogation by members of his or her agency for any reason which could lead to disciplinary action, demotion, or dismissal," the interrogation must be conducted under the conditions prescribed by the statute. Such conditions include the requirement that the interrogation be conducted at a reasonable time, for reasonable periods, either at the office of the command of the investigating officer or at the office of the local precinct, police unit, or correctional unit in which the incident allegedly occurred. The officer is entitled to be informed of the rank, name, and command of the officer in charge of the investigation, the interrogating officer, and all persons present at the interrogation, as well as the nature of the investigation and the names of all complainants.
In instances where a law enforcement officer may be subject to arrest, additional protections are mandated. Pursuant to section112.532(1)(h), Florida Statutes:
"If the law enforcement officer or correctional officer under interrogation is under arrest, or is likely to be placed under arrest as a result of the interrogation, he or she shall becompletely informed of all his or her rights prior to the commencement of the interrogation." (e.s.)
While this paragraph does not enumerate the particular rights of an officer under these circumstances, a review of the legislative history indicates that the Legislature intended this section to provide a law enforcement officer the same protections as would be afforded the average citizen subject to arrest and being questioned for a criminal offense.[8] Thus, the officer being questioned would be entitled to be advised of his or her constitutional rights under the U.S. Constitution and the Florida Constitution, as well as any other statutory rights that might apply, such as in this case, section 112.532, Florida Statutes. Tapes of the committee hearings at which enactment of the Law Enforcement Officers' Bill of Rights was considered indicate that the statute was intended to make clear the application of those constitutional rights to which a suspect would ordinarily be entitled to situations in which a law enforcement officer was being interrogated by members of his or her agency.[9]
In sum, it is my opinion that section 112.532(1)(h), Florida Statutes, requires that a law enforcement officer or correctional officer under interrogation who is under arrest or may be placed under arrest is entitled to be informed of his or her constitutional rights in the same manner and to the same standards as any suspect arrested and questioned about a criminal offense, and to be advised of those rights specifically afforded to the officer under section 112.532, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Sections 112.531 — 112.534, Fla. Stat.
[2] 42 Fla. Supp. 53, 57 (17th Cir. Broward Co., 1975),affirmed, 331 So.2d 397 (Fla. 4th DCA 1976), cert. den.,341 So.2d 1080 (Fla. 1976).
[3] And see, s. 112.531(2), Fla. Stat., defining "Correctional officer" as:
"any person, other than a warden, who is appointed or employed full time by the state or any political subdivision thereof whose primary responsibility is the supervision, protection, care, custody, or control of inmates within a correctional institution; and includes correctional probation officers, as defined in s.943.10(3). However, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel."
[4] Section 112.532(2), Fla. Stat.
[5] Section 112.532(3), Fla. Stat.
[6] Section 112.532(4), Fla. Stat.
[7] Section 112.532(5), Fla. Stat.
[8] Florida House of Representatives, Committee on Government Operations, Tape 2, Side B, dated 3/20/74.
[9] Ibid.